MAURICE WAINER (State Bar No. 121678)
SNIPPER, WAINER & MARKOFF
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210
TELEPHONE: (310) 550-5770
FACSIMILE: (310) 550-6770
EMAIL: Mrwainer@swmfirm.com

Attorneys for Plaintiff FEDERAL
DEPOSIT INSURANCE CORPORATION
as Receiver for INDYMAC BANK, F.S.B.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., | Case No. C11-03334-SI |
|---|---|
| Plaintiff, | PROTECTIVE ORDER |
| vs. | |
| JOHN H.J. CASHMAN, an individual; and KAY DUB U BERKELEY, INC., d/b/a KELLER WILLIAMS REALTY BAY AREA, a corporation, | |
| Defendant. | |

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and defendants JOHN H.J. CASHMAN, an individual; and KAY DUB U BERKELEY, INC., d/b/a KELLER WILLIAMS REALTY BAY AREA, a corporation (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

# PROTECTIVE ORDER

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

## I. INTRODUCTION

### A. Definitions

1. "Confidential Document" means any document produced that bears the stamp or legend specified in Section II, Designation of Confidential Information, below.

2. "Confidential Information" means a trade secret or confidential or proprietary business or financial information, private personal information as defined by California Code of Civil Procedure Section 1985.3, or confidential information furnished to the party producing the information in confidence by a third party.

3. "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4. "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order."

5. "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6. "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7. "Discovery Material" means: all documents produced in this action and all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof.

8. "Disclose" means to show, give, make available, reproduce,

communicate or excerpt any Discovery Material, or any part or contents thereof.

**B.** **Good Cause**

This action involves a dispute between defendants JOHN H.J. CASHMAN, an individual, and KAY DUB U BERKELEY, INC., d/b/a KELLER WILLIAMS REALTY BAY AREA, a corporation, and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. relating to mortgage loans. As such, this litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of third party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; and (3) allow the Parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay. Pursuant to 15 U.S.C. § 6802(e)(8), the production of non-public personal financial information, protected by the measures set out in this Protective Order, shall not constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. (*Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

**C.** **Scope of Protective Order**

1. This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2. Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3. Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" by the Designating Person, and the Designating Party may make a motion to confirm said designation after objection by another Party, after attempting to resolve the objection. Prior to the submission of any dispute to the Court, the

1  objecting Party shall provide written notice to the Designating Party of its
2  disagreement with the designation, and those Persons shall try first to resolve such a
3  dispute in good faith. Pending the resolution of any such objection or motion, any
4  Discovery Material, the confidentiality of which is disputed, shall remain subject to
5  the terms of this Protective Order. A Party shall not be obligated to challenge the
6  propriety of information designed as Confidential Information at the time the
7  designation is made and failure to do so shall not preclude a subsequent challenge
8  thereto.
9        4.      This Protective Order shall not abrogate or diminish any
10 contractual, statutory, or other legal obligation or right of any Party or Person with
11 respect to information designated as "Confidential Information" pursuant to this
12 Protective Order. The fact that information is or is not designated as "Confidential
13 Information" under this Protective Order shall not determine what a trier-of-fact may
14 find to be confidential or proprietary.
15       5.      This Protective Order shall not govern the use by a Party of any
16 Discovery Material otherwise lawfully in its possession, notwithstanding the fact that
17 the Party either produces that Discovery Material in the course of discovery in this
18 action or receives a duplicate copy of that Discovery Material through discovery in
19 this action.
20       6.      The Parties may agree to accord Discovery Material produced in
21 this action even greater confidentiality protection than that provided in Section II of
22 this Protective Order, and nothing in the provisions of this Protective Order shall be
23 deemed to preclude any Person from seeking and obtaining from the Court such
24 additional protection with respect to the confidentiality of Discovery Material as may
25 be appropriate or necessary.
26       7.      Discovery Material shall not be disclosed to any Person or entity
27 except as expressly set forth herein. All Discovery Material produced or provided by
28 any Designating Person shall be used by the parties only in connection with this

1  litigation  Otherwise, except by order of the Court, such Discovery Material shall not
2  be used by any Party other than the producing Party for any other purpose.
3       8.   Inadvertent production of privileged information shall not
4  constitute a waiver of any applicable privilege. Upon written notice by the producing
5  or designating Party that privileged information was inadvertently produced, all
6  Parties shall destroy or return all copies of the information to the producing or
7  designating Party within ten (10) days of such notice.
8  **II.   CONFIDENTIAL INFORMATION**
9      **A.   Designation of Confidential Information**
10      1.   A Designating Person, who reasonably believes in good faith that
11 a Document being produced contains Confidential Information, may designate such
12 Document as containing such information only by: (1) Bates stamping such
13 Document; and (2) stamping such Document with the following legend:
14 "CONFIDENTIAL INFORMATION."
15      2.   If, after any Document is designated Confidential Information,
16 any other Party may object to said designation. Said objection must be in good faith,
17 be made in writing, and set forth the grounds for the objection. The Party who
18 designated the material subject to objection as Confidential Information shall
19 thereafter have 21 calendar days to bring a motion with the Court to confirm the
20 material objected to as Confidential Information. Unless the Designating Party
21 brings such a motion within that time period, the material objected to shall no longer
22 be deemed Confidential Information. After a Party's objection and prior to any such
23 motion, the Parties shall meet and confer in good faith to resolve their dispute. Any
24 material designated Confidential Information shall continue to be handled as such,
25 even after objection, until either the Court makes a ruling or the 21 day time period to
26 bring such a motion expires.
27      3.   Failure of any Designating Person to designate Confidential
28 Information in the manner described in Paragraph 1 hereof or a failure of a Party to

immediately object to a designation as set forth in Paragraph 2 hereof, shall not preclude any Designating Person from thereafter in good faith making such a designation or objection.

### B. Qualified Person Re Confidential Information

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

1. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2. Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3. Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4. Witnesses in the course of a deposition taken in this action;

5. The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

6. Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution.

Prior to the provision of Confidential Information to any Person identified in Paragraph 6 hereof, such Person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation, the obligation to protect Confidential Information from discovery by unauthorized co-employees and third Persons.

### C. Limited Use of Confidential Information

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration, or claim.

### D. Filing Under Seal of Confidential Information

If a Party desires to use a Confidential Document or Confidential Information in support of a motion, opposition to a motion, or other document filed with the Court, the Party shall accompany its papers with an Application to file the Confidential Document under seal pursuant to the rules of the United States District Court. Pending the ruling on the Application, the papers or portions thereof which are subject to the Application shall be lodged under seal.

### E. Hearing Re Confidential Information

Counsel for any Party may request that any hearing or testimony with respect to information that has been designated "Confidential Information" by that Party shall be held in camera and the transcripts thereof sealed as provided in Section II, above.

### F. Depositions Re Confidential Information

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Confidential Information be designated pursuant to this Protective Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition

1 | transcript.

2 | Any Party also may request at the deposition (through a notation on the
3 | record) that the portion of the deposition transcript relating to such Confidential
4 | Information be treated as follows:

5 | The reporter shall separately bind the portion(s) of the transcript
6 | containing Confidential Information, and any exhibit(s) to the deposition designated
7 | as "Confidential Information," and shall mark such portion(s) and exhibit(s)
8 | substantially as follows:

CONFIDENTIAL INFORMATION

FDIC v. CASHMAN, et al.

Case No. C11-03334-SI

### III. POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION

1. This Protective Order shall not govern at trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

2. Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

3. No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown. This Protective Order shall survive any

final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

4. If at any time any Confidential Information protected by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall not produce the Confidential information until the party seeking to maintain confidentiality has had thirty (30) calendar days to seek an appropriate order after notice from the subpoenaed Party.

IT IS SO ORDERED.

DATED: __11/7/11__                              _____Susan Illston_____
                                                Judge of the United States District Court

# Exhibit A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, declare that:

My address is _____; my present occupation is _____; and I am currently employed by _____. I have been retained by _____ with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in Paragraph B.6 thereof as being able to be given access to Confidential Information.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

I agree to subject myself personally to the jurisdiction of the United States District Court for the Northern District of California for the purpose of proceedings relating to my performance under, in compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:

_____
Print Name: