IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>   v.<br><br>JOHN H.J. CASHMAN; KAY DUB U BERKELEY d/b/a KELLER WILLIAMS REALTY BAY AREA,<br><br>    Defendants.                 / | No. C 11-03334 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT** |

Before the Court is defendants' motion to dismiss, or, in the alternative, for a more definite statement. The motion is currently scheduled for a hearing on December 2, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES defendants' motion to dismiss and its motion for a more definite statement.

**BACKGROUND**

Plaintiff, Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac Bank, brought this suit against defendants John Cashman and Kay Dub U Berkeley, doing business as Keller Williams Realty Bay Area ("Keller"), alleging (1) negligence; (2) negligent misrepresentation; and (3) negligent hiring and supervision in an alleged scheme to erase mortgage debt.

Defendant Keller is a real estate brokerage and employed Arvin Tacorda as a real estate salesman. First Amended Complaint ("FAC") at ¶ 4. As required by law, a real estate brokerage must

have a licensed real estate broker as the broker of record for the corporation. Keller's broker of record was John Cashman, a licensed real estate broker. *Id.* at ¶ 3. Plaintiff alleges that in July 2007, it funded a loan in the amount of $615,000 to Arvin Tacorda for the purchase of a property located at 70 Keswick Court, Vallejo, CA as his primary residence. *Id.* at ¶ 7. The sellers of this property were the Alvarezes who were, unknown to plaintiff, Tacorda's in-laws. *Id.* at ¶ 10. Tacorda acted as the real estate agent for both himself and the Alvarezes in this transaction. *Id.* at ¶ 8. Defendants received $24,600 in commission from this transaction. *Id.* at ¶ 9. Although after the transaction Tacorda owned the property, he never resided in it; instead, the Alvarezes continued to reside in the property. Tacorda made 12 payments before the loan went into default. *Id.* at ¶¶ 13-14. Tacorda then submitted and requested a short sale from plaintiff, which plaintiff approved. *Id.* at ¶ 15. In the short sale, the property was sold back to the Alvarezes for $315,000, with Tacorda again acting as the real estate agent for himself and the Alvarezes. *Id.* ¶ at 16. Defendants received $12,600 in commission from this transaction. *Id.* at ¶ 18. As a result of both of these transactions, $500,000 of debt was eliminated. *Id.*

Plaintiffs allege that had Tacorda stated that the transaction was not at arm's length and that the Alvarezes would continue to reside in the property, plaintiff would not have funded the loan. *Id.* at ¶ 20.

**LEGAL STANDARD**

**1.  Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**2.     Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (*citing Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). If the complaint notifies the defendant of the substance of the plaintiff's claim, a 12(e) motion should not be granted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). A 12(e) motion should also be denied if the detail sought is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

**DISCUSSION**

**1. Negligence and Negligent Misrepresentation**

**A. Duty**

In order to state a claim for negligence, California law requires that there be a legal duty between the plaintiff and the defendants. *Merrill v. Navegar, Inc.,* 26 Cal. 4th 465, 477 (2001). The existence and scope of duty are questions of law. *Id.* Defendants contend that a real estate broker's duties are limited to the parties to the transaction for real property, the buyers and sellers, and do not run to the mortgage lender. Plaintiff contends that the duty of a real estate broker extends to third parties who are the "intended beneficiaries" of the broker's knowledge, including, at least in this case, the mortgage lender. Plaintiffs rely on *FSR Brokerage, Inc. v. Superior Court* for the proposition that defendants owe a duty to any individuals to which representations were made "with the intent to induce [a] plaintiff . . . to act in reliance upon the representation in a specific transaction, or a specific type of transaction, that defendant intended to influence." 35 Cal. App. 4th 69, 73 (Ct. App. 1995) (finding that plaintiff-partygoers injured by collapse of a balcony were not "intended beneficiaries" of broker's advice in sale of home to owner).

This Court need not decide the abstract question of whether a real estate broker always owes a duty to a mortgage lender. The facts alleged in this case are not so straightforward. Taking all of the alleged facts as true, as the Court must at this stage, Tacorda was not only the real estate agent, but also the buyer in the first transaction and seller in the second; the real estate agent to both parties (including himself), twice; the son-in-law to the sellers; and, in some sense, the landlord to his parents-in-law during his ownership. Tacorda allegedly used his knowledge as a real estate agent to take advantage of plaintiff by structuring the sale of the property to remove his relatives' debt. The Court therefore finds that the plaintiff has alleged sufficient facts to state that a duty existed between Tacorda and plaintiff.

**B. Vicarious Liability**

Defendants also argue that these claims must fail because even if a duty existed, Tacorda was not acting within the scope of his employment and thus defendants cannot be held vicariously liable.

4

Defendants note that Tacorda is not a party to this action.

Defendants are correct that under the doctrine of respondeat superior, Keller, as Tacorda's employer, is vicariously liable only if Tacorda was acting within the scope of his employment. *See Cal. Bus. & Prof. Code* § 10132. As to defendant Cashman's individual liability, as the alleged broker of record for the corporation, Cashman is personally responsible for the supervision of the corporation's salesperson. Cal. Bus & Prof. Code § 10159.2; 10 Cal. Code of Regs. § 2725. Defendants contend that under § 10159.2 a broker may be disciplined for negligent supervision, but cannot be held personally liable in a civil lawsuit, citing to *Walters v. Marler,* 83 Cal. App. 3d 1 (Ct. App. 1978). However, since *Walters* was decided, the statute was amended, and in *Holley v. Crank,* the Ninth Circuit held that given the legislative history of the amendment, "direct, personal responsibility" must be placed on the designated broker of the corporation to supervise the salespersons to assure compliance with the state and federal laws. 400 F.3d 667, 673 (9th Cir. 2004). At the same time, an individual broker is personally liable only if it can be shown that the salesperson acted within the scope of his employment. *See id.*

Plaintiff has alleged sufficient facts to support its allegation that Tacorda acted within his scope of employment. Whether an individual is acting within the scope of his employment is a question of fact. *Lisa M. v. Henry Mayo Newhall Memorial Hosp.*, 12 Cal. 4th 291, 299 (1995). Under California law, the inquiry is whether the risk was one "that may fairly be regarded as typical of or broadly incidental" to the enterprise undertaken by the employer. Accordingly, the employer's liability extends beyond his actual or possible control of the employee to include risks inherent in or created by the enterprise. *Farmers Ins. Group v. County of Santa Clara,* 11 Cal. 4th 992, 1003 (1995) (internal citations omitted). Thus, an employer may be held liable if the employees' actions are foreseeable or an "outgrowth" of the enterprise. *Lisa M.,* 12 Cal. 4th at 298-99.

Here, plaintiff has pled that Tacorda was employed by Keller at the time of these transactions, that Tacorda entered into these transactions with IndyMac, and that defendants were paid commission from these transactions, twice. FAC at ¶¶ 8, 9, 10, 18. At this stage of the litigation, the Court cannot determine that Tacorda's actions were not foreseeable or typical of defendants' business as a matter of law. *See Unrah-Haxton v. Regents of California,* 162 Cal. App. 4th 343, 370 (Ct. App. 2008) (holding

5

that it was inappropriate at the demurrer stage to determine whether a doctor stealing and selling patients' eggs at a fertility treatment clinic was "foreseeable" or an "outgrowth" of the clinic's enterprise). Defendants' motion to dismiss this cause of action, on the basis of vicarious liability, is thus DENIED.

### 2. Negligent Hiring and Supervision

As to the negligent hiring and supervision claim, defendants contend that John Cashman, as the broker of record for the corporation, cannot be held personally liable for the acts of a real estate agent working for the corporation.

California recognizes torts for an employer's negligence in hiring, retaining, and supervising an employee who is incompetent or unfit. *See Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 397 (Ct. App. 2006). Negligence liability will be imposed upon the employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes. As such, California follows the rule set forth in the Restatement (Second) of Agency Section 213, which provides in pertinent part: "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others." Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability. *Id.* (internal quotation marks and citations omitted); *see also Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009). Liability may be imposed "either on the basis of . . . action -- for example, the negligent hiring of an agent -- or . . . inaction -- for example, the failure to provide adequate supervision of the agent's work." *Far West Financial Corp. v. D & S Co.*, 760 P.2d 399, 410 (Cal.1988).

As to the individual officer's direct liability under this theory, as noted above, "direct, personal responsibility" must be placed on the designated broker of the corporation to supervise the salespersons to assure compliance with the state and federal laws. *Holley v. Crank,* 400 F.3d at 673. An individual broker is personally liable only if it can be shown that the salesperson was an agent of the broker, i.e., the salesperson acted within the scope of his employment. *See id.* As stated above, taking the

allegations as true, plaintiff has stated enough facts to plead that Tacorda was acting within his scope of employment. Therefore, defendants' motion to dismiss this cause of action against defendant Cashman is DENIED.

### 3.     More Definite Statement

Defendants argue that if their motion to dismiss is denied, the Court should order that plaintiff make a more definite statement of its claim including "specific acts by Defendants which suggest a failure to supervise on their part," "when the 'short-sale' took place," "why IndyMac failed to realize that it was short-selling the property back to the original owners," and "whether or not Mr. Tacorda used a mortgage broker in these transactions." Only when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response" should plaintiff be ordered to provide a more definite statement. Fed. R. Civ. Proc. 12(e). Here, plaintiff's allegations are not so vague or ambiguous that defendants are not put on notice as to the claim against them. Plaintiff does not have to provide the every detail in its allegations. Further, the information that defendants seek to have plaintiff provide is discoverable and thus defendants can ask for it in the discovery phase. *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998). Plaintiff's allegations are adequate and thus a more definite statement is not required.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss and motion for a more definite statement.

**IT IS SO ORDERED.**

Dated: November 30, 2011

SUSAN ILLSTON
United States District Judge